## THE CORNELIA.

### RED HOOK TOWING LINE v. GAUL.

(Circuit Court of Appeals, Second Circuit. May 14, 1919.)

No. 235.

MARITIME LIENS ☞65—REPAIR WORK—EVIDENCE.

Evidence that a boiler was inspected and licensed after being repaired, etc., *held* to establish that libelant repaired boiler in a workmanlike manner, although it subsequently developed leaks and defects.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by Ray Gaul against the tug Cornelia, her engines, etc., the Red Hook Towing Line, claimant, with cross-libel by the Red Hook Towing Line against Ray Gaul. From an adverse decree, the Red Hook Towing Line appeals. Affirmed.

The memorandum opinion of Mack, Circuit Judge, in the court below, is as follows:

The contract in this case was one for work and labor at $25 a day, at a reasonable price for the material. The boiler in question was old; it was to be welded by the acetylene process. Libelant did not guarantee the result of his work; his obligation was to do the job in a workmanlike way. · In my judgment, this was done. In the absence of proof showing incompetency or fraud on the part of the inspector, the inspection and license granted in January, 1917, is the strongest evidence that at that time the boiler had been put in fit condition. Leaks and defects developing thereafter, not having been guaranteed against, furnish no excuse for the refusal to pay for the work and material theretofore done.

Decree will be entered for libelant on the libel, and the cross-libel dismissed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Foley & Martin, of New York City (James A. Martin and George V. A. McCloskey, both of New York City, of counsel), for appellant.

Amos Van Etten, of Kingston, for appellee.

Before WARD, ROGERS, and MANTON, Circuit Judges.

PER CURIAM. This appeal involves pure questions of fact, and, as we are entirely satisfied with Judge Mack's conclusion, the decree is affirmed.